Mr. Justice James
delivered the opinion of the court :
This suit is brought upon the following promissory note:
“Washington, D. C., Sept. 11, 1878. Ninety days after date I promise to pay to the order of A. H. Pickerell, seventy-six hundred and sixty-five 65-100 dollars, at the German American National Bank, with eight per cent, interest until paid. Yalue received. [Signed] Thomas L. Hume. [Endorsed] A. H. Pickerell. Hall and Hume.”
The defendants in the original declaration, which was filed August 4, 1881, were Thomas L. Hume, the maker, and Thomas L. Hume, executor, and Mary E. Pickerell, executrix of A. H. Pickerell, the payee and endorser. Pending the suit Hume died, and the surviving executrix pleaded to the declaration. On suggestion of the death of *56 Hume, the plaintiff amended his declaration, mating Fendall and Perry, as administrators of Hume, and Mary E. Pickerell, as executrix of Pickerell, defendants, and setting forth the manner in which he sued, as follows:
“ The plaintiff is the duly appointed and qualified receiver of the German American National Bank, of Washington, appointed by the Comptroller of the Currency of the United States, in pursuance of the terms thereof, and, as such, is the holder, to the use of the Chemical National Bank of New York, of the promissory note hereinafter mentioned and sued on,” &c. To this amended declaration, Mary E. Pickerell, who had pleaded to the original declaration now demurred, assigning the following grounds:
“First. There is a misjoinder of parties defendant. A joint action cannot be maintained against one person and the executors of the last will of another person.
“ Second. The executors of one deceased person cannot be joined in the same action with the administrators of another deceased person.
“ Third. The plaintiff, in his capacity as receiver of said national bank, has no authority to maintain an action on the promissory note mentioned, for the use or benefit of the Chemical National Bank of New York.
“Fourth. A misjoinder of the parties defendant cannot be cured by an amendment.”
At the same time Fendall and Perry filed the following plea:
“And now comes the said Beginald Fendall and B. Boss Perry, administrators of the estate of Thomas L. Hume, deceased, and for plea to the amended declaration, say, that the said Thomas L. Hume, their intestate, was sued as maker of the said promissory note, mentioned in the declaration and amended declaration in this cause, and that pending said cause, and on the said 28th day of October, 1881, the said Thos. L. Hume died, and afterwards, to wit, on the 10th day of February, 1883, the death of said defendant Thomas L. Hume was to the court suggested by the plaintiff and noted of record, but that no *57 summons was issued or caused to issue by said plaintiff to these defendants, and they were not notified by said plaintiff of the pendency of said action against Hume, and there was no proceeding by the said plaintiff, nor any appearance by or for these defendants, before the 10th day of the second court after said death was suggested, and this the said defendants are ready to verify; wherefore, because no such proceedings were had, and no such appearance made by or for these defendants, they, the said defendanrs, pray that said action may be struck off the docket and discontinued.”
To this plea the plaintiff filed the following replication:
“As to the plea to the amended declaration by the said Reginald Fendall and R. Ross Perry, administrators of the estate of Thomas L. Hume, deceased, the said plaintiff says, that by reason of anything therein alleged, he ought not to be barred from having and maintaining his aforesaid action against them; because, he says, the plaintiff, by Messrs. Elliot and Robinson, his attorneys, on the 10th day of February, 1883, suggested the death of said Thomas L. Hume, and that he died intestate, and that R. Ross Perry and Reginald Fendall had been duly appointed and had qualified as administrators of said deceased in the probate branch of this court; and, thereafter, to wit, on the day and year aforesaid, the plaintiff, by his said attorneys, moved the court in the above-entitled cause to summon said adminisr trators to appear and defend the action in said cause, and thereafter said motion was granted by the court, and it was ordered by the court in the above-entitled cause that a summons issue against said administrators to appear and make themselves defendants in said action in place and stead of said decedent; without this, that there was no proceeding by the said plaintiff the 10th day of the second court after the said death was suggested, in manner and form as the said defendants have, in their said last-mentioned plea, alleged; and this the said plaintiff is ready to verify. Wherefore he prays,” &c.
To this replication the administrators demurred, with the following memorandum: “That there is no averment in *58 said replication to the effect that any summons was eVet actually issued from the clerk’s office directed to the said defendants, or that any order was ever given or any proceedings taken by said plaintiff to cause summons to said defendants to be issued, and there is no averment that the said defendants ever had any notice of the pendency of said suit.”
This demurrer and the demurrer to the original and amended declarations were sustained in the circuit court; the court being of opinion that, mounting up to the first defect in the pleadings, the original declaration was bad for misjoinder of defendants. Leave was granted to amend by entering a nolle prosequi against either the defendant Mary Pickerell, or the administrators of Hume. From this judgment both plaintiff and defendants have appealed.
The first question presented for consideration is, whether section 827 of the Revised Statutes relating to this District authorizes the joinder in one action of the legal representatives of the maker and the legal representatives of the endorser of a promissory note. That section provides that: “Where money is payable by two or more persons jointly or sewerally, as by joint obligors, covenantors, makers, drawers or indorsers, one action may be sustained and judgment recovered against all or any of the parties by whom the money is payable, at the option of the plaintiff. But an action against one or some of the parties by whom the money is payable may, while the litigation therein continues, be pleaded in bar of another action against another or others of said parties.”
It must be admitted that this statute is, as Mr. Justiqe Hunt observed, in Burdette vs. Bartlett, 95 U. S., 639, “not happily expressed,” and that, as expressed, is obscure; but we think that it may be rendered more intelligible by a process which has frequently been applied by the courts where several subjects and the provisions concerning them are blended and confused. We refer to the distributive process, by which the relative parts are brought together. Thus, re-stated, section 827 may be read thus — though we *59 must add that one portion of it may possibly admit of still another construction:
“ Where money is payable by two or more persons jointly, as by joint obligors or covenanters; or severally, as by makers, drawers or indorsers of a promissory note or bill of exchange, one action may be sustained and judgment recovered against all or any of the parties by whom the money is so joinbly payable, or against all or any of the parties, by whom the money is so severally payable, at the option of the plaintiff.
In view of the singularity of the propositition that where all of the parties to a joint obligation are living, suit may be brought against any number of them, it might be suggested that the actual intention of this statute was, that where the obligation is joint and several, then instead of the old alternative of bringing the action against one or against all of the obligors, the plaintiff may now take a middle course and bring his action, in respect of their several obligations, against any part of them; and on the other hand, that when the parties to an instrument, such as a promissory note or bill of exchange, only undertake severally, the plaintiff, instead of bringing several actions, may now join' such parties in one action.
But we distinctly withhold the expression of any opinion as to the value of such a suggestion. It is enough, for the purposes of the case before us, that this statute, when its parts are distributed to their relatives, deals with two distinct categories, to one of which belong parties to an instrument who undertake severally only; while to the other belong parties who are only joint; or, in case the above-mentioned suggestion should hereafter be found tenable, parties who are hound jointly and severally. Whether the legal representatives of the original parties to the instrument may be held to fall within the first category, although the second cannot be applied to them, is the question before us.
The parties joined in one action in Burdette vs. Bartlett, [swpr<£\ were the actual makers and indorsers of a promis *60 sory note; and the question as to legal representatives was not raised. But in applying this statute to the case before them the court adopted a comparison which suggests a broader application. They said, substantially, that this act was intended, as to the joinder of parties, to have the effect of the statutes of several of the States which provide that—
“Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange or promissory notes; may all or any of them be included in the same action at the option of plaintiff.”
We understand the Supreme Court to indicate that this statute should be regarded as framed for the same purposes and in the same direction and spirit with the statutes of States referred to. Following this indication, we assume that, as to actions upon the class of instruments mentioned in this section, the general purpose of the statute is that one action only shall be used where that course of proceeding is manageable ; and we apply this economical and beneficent purpose to the legal representatives of the original parties, because they succeed to the several liabilities of their decedents on such instruments; and because such proceedings against them are perfectly manageable and judgments may be rendered therein against them without changing the nature of their liability.
It was urged at the argument that this rule as to the bringing of actions should not be applied to legal representatives, first, because the statute relates in terms to the very parties by whom the money is payable, and because such moneys are not j^ayable absolutely by administrators or executors; and second, because this statute does not purport to regulate the status or liabilities of such legal 'representatives.
As to the first objection, we think no emphasis is to be laid on the word “payable.” If the general purpose of the statute was, as we hold it to have been, to gather into one action what before had been subjects of several actions only, we should only defeat that purpose if we should refuse to apply it to any parties severally liable on the same instru *61 ment, where these several liabilities can be managed in such a proceeding.
As to the other objection, it must be conceded that this statute does not purport to regulate the status or liabilities of executors or administrators ; and it is not necessary that it should do so, in order to operate upon the subject of one or several actions. The proper status and liabilities of the legal representatives were already fixed; they were severally liable to action already; and it is enough that the general purpose of this statute is to substitute one action for several actions where that purpose can be carried out. It contemplates that the several liability of each party shall be enforced as a several liability; and it follows that in the casé of a legal representative it shall be enforced precisely and only as it exists, namely: by judgment, to be satisfied out of the decedent's estate. As we find, therefore, no difficulty in applying the operation of this statute to legal representatives, and are of opinion that actions including such defendants are within the general intent of this statute in case no such difficulty exists, we hold that neither the orignal nor the amended declaration in this case is bad for misjoinder of defendants.
The next ground of demurrer to the amended declaration is that the plaintiff brings his action for the use of the Chemical National Bank of New York, and that, as a receiver, deriving his powers wholly from a statute, he has no authority to do this. The declaration avers that he is “holder of the promissory note on which the action is brought,” and this averment is admitted by the demurrer.
As the note set out in the declaration was indorsed in blank, the legal title to it was transferable by mere delivery, and the averment that plaintiff is still “holder” includes an averment that legal title has not been by delivery transferred to the Chemical Bank.
The effect of the addition that this suit is to the use of the latter is, that by some contract, the plaintiff is to account for the proceeds when he shall have recovered them. It is immaterial whether the receiver was competent to make *62 such a contract, and we have nothing to do with the use to which he may have agreed to apply the proceeds of a note which he alone legally owns. We regard the intimation concerning that matter as superfluous and unavailable information, and as surplusage in pleading.
We come finally to the plea filed by the administrators of Hume, or rather to their demurrer to plaintiff’s replication thereto. It is claimed upon this demurrer that the action against them should be stricken from the docket and discontinued, in pursuance of the Maryland act of 1185, ch. 80, sec. 1, which provides as follows:
■“ In case the action be brought to recover personal chattels, debt or damages, and the executor, administrator, or other person to defend, doth not appear to such action at the court at which death is suggested, the plaintiff may issue a summons, returnable to the next court, directed to the executor or administrator of the deceased, or other proper person to defend such action, to appear ; and upon any summons issued as aforesaid being served, the person or persons su'mmoned shall appear to such action, either in proper person or by attorney. If it shall appear to the court that a summons to appear and defend, taken out as aforesaid, hath been served upon the proper person or persons to defend such suit, and that such person or persons neglect or refuse to appear, the court may and shall issue an attachment of contempt against such person or persons, and compel him, her or them, to appear to such suit.”
The same statute further provides that:
“ In case there be no appearance or proceeding by either party in any case aforesaid before the tenth day of the second court after the death shall be suggested, then the action shall be struck from the docket and discontinued.”
The replication sets forth that, after the suggestion of death and on the same day therewith, the plaintiff moved the court “to summon said administrators to appear and defend the action in said cause, and thereafter said motion was granted by the court, and it was ordered by the court * * that a summons issue against said administrators to *63 appear and make themselves defendants,” &c. It is to be observed that the act of 1185 provides for discontinuance of the action only in case there is either no appearance by the administrator or executor, or no proceeding at all by either party before the tenth day of the second term after the suggestion of death. It is immaterial that the administrators have not actually been summoned, or that the summons has not been issued by the clerk, who alone can issue it. The question is, whether the plaintiff has taken any proceeding toward this end. Without an appearance or steps by which the legal representatives are made parties to the action, he could not have judgment against them, but it does not follow that the action is meantime to be discontinued because they have not been made actual parties, although the plaintiff has taken proceedings in order to make them parties. In any case the action against the representatives of Pickerell could not, as the plea proposes, be discontinued because proceedings were not duly had against the representatives of Hall, inasmuch as their positions in this action are several.
The demurrer to the replication is not sustained.